IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| OUIDA BETHUNE JOHNSON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:14-CV-94-MSH |
| | : Social Security Appeal |
| CAROLYN W. COLVIN, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, granted Plaintiff's application for Disability Insurance Benefits (DIB), finding her disabled within the meaning of the Social Security Act and Regulations as of January 6, 2011. Plaintiff was thus entitled to collect DIB, including a back award from that date, but because the ALJ found that the disability onset date was January 6, 2011, rather than Plaintiff's alleged disability onset date of January 2, 2009, she was denied benefits as to that two year period. Plaintiff contends that the Commissioner's decision to deny DIB for this period was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the

entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of

any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I. **Whether the ALJ erred in finding that Plaintiff did not meet Listing 12.05C.**

II. **Whether the ALJ erred in failing to weigh the opinions of an examining psychologist, Dr. Solomon.**

III. **Whether the ALJ erred in finding January 6, 2011 as Plaintiff's disability onset date.**

### Administrative Proceedings

Plaintiff filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on September 29, 2010 and alleged therein disability as of January 2, 2009.  Tr. 23, ECF No. 12.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing on February 14, 2013.  *Id*.  Following the hearing, the ALJ issued a "partially favorable" decision on March 12, 2013.  Tr. 23-35.  The Appeals Council ultimately denied Plaintiff's Request for Review on August 27, 2014.  Tr. 9-11.  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013.  Tr. 25.  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since her alleged onset date of January 2, 2009. *Id*. The ALJ then found that as of January 2, 2009, Plaintiff had the following severe impairments: left knee cartilage injury and major depressive disorder, recurrent and severe with psychotic features. *Id*. As of January 6, 2011, the ALJ added "with likely emerging schizophrenia" to the major depressive disorder as a severe impairment. Tr. 27. However, the ALJ determined that none of her impairments, alone or in any combination, met or medically equaled the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.)

The ALJ found that prior to January 6, 2011 Plaintiff had the Residual Functional Capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with certain exertional and nonexertional limitations. Tr. 29. Further the ALJ found that beginning on January 6, 2011, Plaintiff had the same RFC as prior to that date, but with the added limitation that "psychological symptoms preclude the ability to complete twenty percent of the workday." Tr. 31. At step four, the ALJ found Plaintiff unable to return to her past relevant work. Tr. 32. Plaintiff was a younger individual prior to the ALJ's established disability onset date of January 6, 2011. *Id*. Plaintiff has at least a high school education and the ability to communicate in English.

The ALJ found that if Plaintiff had the RFC to perform the full range of light work, the Medical-Vocational Rules (Grids) would direct a finding of "not disabled." Tr. 33. However, because Plaintiff's ability to perform all or substantially all of the requirements of light work has been impeded by additional limitations, the ALJ asked the VE whether jobs existed in the national economy for an individual with Plaintiff's age,

education, work experience, and RFC prior to January 6, 2011. The ALJ found that the VE's testimony supported a finding that Plaintiff can perform the requirements of cafeteria attendant (DOT # 311.677-010), and bottling line attendant (DOT # 920.687-042) and that this work exists in significant numbers in the national economy. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act prior to January 6, 2011. *Id.* However, based on the testimony of a Vocational Expert, the ALJ found that beginning January 6, 2011, there were no jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. 34. Based on those findings, Plaintiff was awarded DIB from January 6, 2011.

## DISCUSSION

**I.     Did the ALJ err in finding January 6, 2011 as Plaintiff's disability onset date?**

Ouida Bethune Johnson, Plaintiff herein, is disabled. The Commissioner of Social Security found her to be unable to work at any jobs available in the national economy as of January 6, 2011. Plaintiff, however, contends that she became disabled on January 2, 2009. Although Plaintiff raises two additional issues in this action for judicial review, the Court finds merit in her contention that the ALJ erred in establishing the onset date of disability. Therefore, only that issue is addressed.

Plaintiff has a history of mental illness dating back to February 2010 based on medical evidence of record from her treating psychiatrist, Shalzad Hashmi, M.D. Tr. 220-31, 321-37, Exs. 1F & 8F. In March 2010 she was taken by law enforcement for emergency mental health treatment at Athens Regional Medical Center (ARMC) and in July 2010 involuntarily committed for psychiatric care based on what the ALJ

characterized as an "extensive history of major depressive disorder that is accompanied by auditory and visual hallucination." Tr. 26, Ex. 7F. The ALJ also gave "great weight" to the opinions of Dr. Hashmi and the emergency medical providers at ARMC in finding that Plaintiff was suffering from major depressive disorder, recurrent and severe with psychotic features.

On January 6, 2011 Plaintiff underwent a consultative psychological examination by Matt Butryn, Ph.D. Tr. 243-46, Ex. 3F. Dr. Butryn found that Plaintiff was "most limited from a psychological standpoint by the psychotic component emerging from her depression." Tr. 246. Although Dr. Butryn opined that Plaintiff may be displaying emerging schizophrenia rather than major depressive disorder, he clearly said that she was most limited by psychosis and related the psychotic component of her illness to depression. The ALJ took the date of this evaluation as the date of onset of disability despite his own characterization of her medical history of depression with psychotic features of visual and auditory hallucination as "extensive" and requiring involuntary commitment in July 2010.

If, as the Commissioner argues, the ALJ found the onset date of January 6, 2011 from the record evidence, the finding is unsupported. There is greater support for March 2010 or July 2010 than there is for January 6, 2011 since the 2010 diagnoses are from a treating specialist in psychiatric medicine as opposed to the opinion of a one-time consultant. What matters is that both medical sources said Plaintiff has major depressive disorder with psychotic features such as auditory and visual hallucination. While, as Dr. Butryn says, schizophrenia may be emerging, the depressive disorder has accompanying

7

psychoses which have resulted in hospitalization and involuntary commitment prior to January 2011. Plaintiff is limited by these psychotic episodes resulting from depressive disorder, not emerging schizophrenia, according to the consultative examiner to whom the ALJ afforded great weight. Arguably, given the "great weight" the ALJ afforded Plaintiff's treating psychiatrist, Dr. Hashmi, there is equally persuasive evidence in support of February 2010. However, it is the Commissioner's job to determine the date of onset, not the Court's.

Social Security Ruling 83-20 requires that onset of disability be determined from all the evidence available in the record. The date alleged by the claimant should be used if it is consistent with the evidence. Here, the date alleged by Plaintiff has no clear reference point in the record. It is no more supportable than January 6, 2011. Thus, the ALJ should have followed the directive found in SSR 83-20 and either called on a medical advisor or recontacted Dr. Hashmi as Plaintiff's treating medical specialist for more information. *Mallory v. Colvin,* slip op., 3:13-cv-74-CAR-MSH (M.D. Ga. May 6, 2014). Both approaches to the issue of determining date of onset of disability are permitted in SSR 83-20 and on remand, the Commissioner should follow one of them.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that Plaintiff's application for disability insurance benefits be REMANDED to the Commissioner for further proceedings consistent with this Order.

SO ORDERED, this 21st day of May, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE